UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


| | | |
|---|---|---|
| INTERNATIONAL UNION OF | ) | |
| OPERATING ENGINEERS LOCAL 98 | ) | |
| HEALTH AND WELFARE FUND, | ) | |
| ET AL., | ) | |
|      Plaintiffs | ) | |
| | ) | |
|         v. | ) | C.A. No. 12-cv-30192-MAP |
| | ) | |
| S&R CORPORATION, | ) | |
|      Defendant | ) | |


MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO DISMISS OR STAY,
AND PLAINTIFFS' MOTION TO STRIKE
(Dkt. Nos. 11 & 24)

September 30, 2013

PONSOR, U.S.D.J.

     This is an action arising under the Employee Retirement
Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C.
§§ 1001 et seq., and under Section 301(a) of the Labor-
Management Relations Act of 1947 as amended ("LMRA"), 29
U.S.C. § 185(a).  Plaintiffs have brought the lawsuit based
upon Defendant's conceded refusal to produce certain
unredacted books and records to permit an audit.  The
lawsuit also seeks monetary damages if the audit, after
complete production of records, reveals delinquencies on the
part of Defendant.

     Defendant has filed a Motion to Dismiss or to Stay

(Dkt. No. 11), and Plaintiffs have filed a Motion to Strike (Dkt. No. 24) and a Motion for Partial Summary Judgment (Dkt. No. 31).  Counsel appeared before this court for argument on these motions on September 24, 2013.

With regard to the Motion to Dismiss or Stay, and the Motion to Strike, a lengthy discussion is not necessary.

First, dismissal or a stay pending arbitration would clearly be improper under the Supreme Court's decision in Schneider Moving & Storage Company v. Robbins, 466 U.S. 364 (1984).  Justice Powell in that decision directly addressed the question of whether trustees of multi-employer trust funds could seek judicial enforcement of the trust terms against a participating employer without first submitting the matter to arbitration.  Writing for a unanimous court, Justice Powell held that submittal to arbitration was not required.  In this case, the record is clear that the lawsuit was properly authorized.  The suggestion that the trustees somehow were misled is simply not supported by the record.  On the contrary, the record confirms that authorization for the lawsuit was voted on by the entire Board of Trustees; upon reconsideration, that authorization was never rescinded.  Given this, the Schneider case clearly bars any dismissal or stay pending arbitration.

With regard to the Motion to Strike, the court's ruling

2

is also obvious.  Regardless of his relationship with Plaintiffs' clients Donald Mason and Janet Callahan, pursuant to Rule 4.2 of the Massachusetts Rules of Professional Conduct, it was improper for Defendant's attorney to discuss the case with them and to obtain, <u>ex parte</u>, affidavits to submit that were contrary to Plaintiffs' position.  To the extent that Defendant's counsel wished to obtain facts that were supportive of Defendant's case, he had an obligation to notify Plaintiffs' counsel and, if appropriate, notice the depositions of these parties.  Moreover, it emerged during oral argument that serious questions existed with regard to the authority of Mason and the actual knowledge of Callahan, issues that would have been ventilated during proper discovery procedures.  Under these circumstances, the Motion to Strike will be allowed.  This ruling, of course, adds further strength to the court's denial of Defendant's Motion to Dismiss or Stay since, without the affidavits, any conceivable question with regard to the authorization of this lawsuit disappears.

For the foregoing reasons, Defendant's Motion to Dismiss or Stay (Dkt. No. 11) is hereby DENIED, and Plaintiffs' Motion to Strike (Dkt. No. 24) is hereby ALLOWED.  These rulings leave before the court Plaintiffs'

Motion for Partial Summary Judgment (Dkt. No. 31).
Lengthier discussion will be necessary to rule on this
motion, and the court has issued a separate order with
regard to discussions that, in the court's view, might
properly lead to resolution of this dispute.  In any event,
a further memorandum will issue on this motion in a short
time.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge